# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

Mika Yamamoto,
    Plaintiff,

v.

Renaissance Public School Academy,
and  Lisa Berman, in her individual
and official capacity,
    Defendants.

_____/

GAFKAY LAW, PLC
BY:  JULIE A. GAFKAY (P53680)
Attorney for Plaintiff
175 S. Main Street                  **"DEMAND FOR JURY TRIAL"**
Frankenmuth, MI 48734
jgafkay@gafkaylaw.com
(989) 652-9240

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.


## PLAINTIFF'S COMPLAINT AND JURY DEMAND


Plaintiff states:

1

## JURISDICTION, VENUE AND PARTIES

1. This is a civil action brought pursuant to 42 USC 1983 seeking declaratory and injunctive relief and money damages against Defendants for retaliatory discharge, under color of law, in violation of the First Amendment and Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 USC 1331, 1343(a)(3), and 1343(a)(4). Jurisdiction for the declaratory relief sought is also premised upon 28 USC 2201 and 2202.

3. Venue lies in the Eastern District of Michigan pursuant to 28 USC 1391(b).

4. Plaintiff is a citizen of the United States and a resident of the City of Midland, within the Eastern District of Michigan.

5. Defendant, Renaissance Public School Academy (hereinafter "Defendant Renaissance"), is a public school organized and existing under the constitution and laws of the State of Michigan.

6. Defendant, Lisa Bergman (hereinafter, "Defendant Bergman"), is and was at all relevant times the duly appointed principal of said school.

2

## STATEMENT OF CLAIM

7.  Plaintiff is an Asian American.

8.  In or about August of 2016, Plaintiff was employed by Defendant Renaissance in the position of 5th grade teacher.

9.  On or about November 9, 2016, Plaintiff engaged in constitutionally protected speech on a matter of public concern by giving a speech to approximately 100 middle school students.  Plaintiff spoke about matters of public concern including domestic violence and discrimination against women.  Plaintiff spoke as an author and not in her capacity as a teacher with Renaissance Public School Academy.

10. On or about November 30, 2016, acting under color of law and pursuant to her authority as principal, Defendant Bergman directed that Plaintiff leave the school and come back in two days for a meeting to discuss "diversity and tolerance" issues with her and the curriculum director.  Defendant Bergman spoke to Plaintiff before and indicated she couldn't keep Plaintiff "safe" after Plaintiff spoke out on matters of public concern.

11. Defendant Bergman told Plaintiff in or about November of 2016, that the community wasn't ready for Plaintiff, who was an individual of color.

12. Plaintiff was then contacted on or about Friday, December 2, 2016, by Human Resources for the management company for Defendant Renaissance and told there was going to be a meeting the following week; Plaintiff still did not know the reason she was taken out of her classroom and told to leave the school other than speaking on matters of public concern. Human Resources failed to provide Plaintiff with requested information about why she was displaced from her classroom.

13. A meeting with Human Resources did not take place like Plaintiff was told.

14. On or about December 7, 2016, Plaintiff was discharged from her employment with Defendant Renaissance.

15. Defendant Bergman's actions in terminating Plaintiff's employment because of her constitutionally protected speech abridges her right to freedom of speech in violation of the First and Fourteenth Amendments to the U.S. Constitution.

16. Defendants' actions in discharging Plaintiff from her employment because of or on the basis of her race or color abridges her right to equal protection of the laws in violation of the Fourteenth Amendment to the U.S. Constitution.

17. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer substantial damages, including, but not limited to, the loss of wages and other benefits she would have received as an employee.

## COUNT I - 42 USC §1983 FIRST AMENDMENT AND FOURTEENTH AMENDMENT TO THE U. S. CONSTITUTION CLAIM AGAINST DEFENDANTS

18. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

19. Plaintiff spoke out, in good faith, during her employment on matters of public concern.

20. Defendants retaliated against Plaintiff, at least in substantial part, because of Plaintiff's speech.

21. The actions of Defendants have had a chilling effect on Plaintiff's protected activity.

.

22. Plaintiff hereby asserts a 42 USC § 1983 First Amendment speech claim against Defendants.

## COUNT II - 42 USC §1983 EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U. S. CONSTITUTION CLAIM AGAINST DEFENDANTS

23. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

24. Plaintiff is an Asian American.

25. Upon information and belief, Defendants have maintained a policy and practice of refusing to employ or retain individuals of color.

26. Defendants' actions in discharging Plaintiff from her employment because of or on the basis of her race or color abridges her right to equal protection of the laws in violation of the Fourteenth Amendment to the U.S. Constitution.

## COUNT III - 42 USC §1983 DENIAL OF DUE PROCESS CLAIM AGAINST DEFENDANTS

27. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

28. Before depriving Plaintiff of her constitutionally protected property interest in continued employment, Defendants did not conduct a

pre-termination hearing or otherwise afford Plaintiff either notice of the grounds for her termination or a meaningful opportunity to respond.

29.  Defendants' actions in depriving Plaintiff of her constitutionally protected property interest in continued employment absent a pre-termination hearing or other notice of the grounds for her termination and an opportunity to respond abridge her right to due process of law in violation of the Fourteenth Amendment to the U.S. Constitution.

30.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer substantial damages, including, but not limited to, the loss of wages and other benefits she would have received as an employee of Defendant government unit.

PLAINTIFF REQUESTS that this Court enter judgment against Defendants for the following relief:

1. a declaratory judgment pursuant to 28 USC 2201 declaring that Defendants' actions in terminating Plaintiff's employment were

unlawful and violative of the rights of Plaintiff under the First and Fourteenth Amendments;

2. preliminary and permanent injunctive relief pursuant to Fed. R. Civ. P. 65 reinstating Plaintiff and enjoining any further retaliation against her because of or on the basis of her constitutionally protected speech;

3. an award to Plaintiff of back pay or damages for lost earnings in the amount she would have earned, with interest, from the date that her employment was terminated;

4. an award to Plaintiff of compensatory damages sufficient to compensate her for mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendant's actions;

5. an award to Plaintiff of punitive damages against Defendant, as a result of the reckless indifference with which Plaintiff's freedom of speech rights were violated;

6. an award to Plaintiff of the costs and disbursements of this action, including reasonable attorney fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 USC 1988(b); and,

7. an award to Plaintiff of other and additional legal and/or equitable relief to which she may be entitled.

## **JURY DEMAND**

Plaintiff demands  a Jury Trial in the above-entitled cause.

Dated: 1/25/2017                              Respectfully submitted,

                                                        GAFKAY LAW, PLC

                                                        s/Julie A. Gafkay
                                                        Julie A. Gafkay
                                                        Attorney for Plaintiff
                                                        175 S. Main Street
                                                        Frankenmuth, MI 48734
                                                        jgafkay@gafkaylaw.com
                                                        (989) 652-9240
                                                        (P53680)